SO ORDERED: March 26, 2013.



**Robyn L. Moberly
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY ALLEN BUSTER | ) | CASE NO. 12-10724-RLM-13 |
| CHERRIL LYNNE BUSTER | ) | |
| | ) | |
| Debtors | ) | |

**ORDER DENYING DEBTORS' MOTION TO STRIP
JUNIOR MORTGAGE OF HOME BANK**

*Background*

The Debtors filed this chapter 13 case on September 7, 2012 (the "Petition Date") and as of the Petition Date, resided at 4785 Ennis Road, Martinsville, Indiana (the "Residence"). As of the Petition Date, Home Bank, SB ("Home Bank") held both the first and the third mortgages on the Residence and BMO Harris Bank, N.A. ("BMO") held the second. The Debtors' chapter 13 plan provides that the Debtors will pay Home Bank directly with respect to the payments due on the first mortgage on the Residence

1

and that they would seek to "strip off" the second and third mortgages by separate motion.  The Debtors have filed the necessary motions and have obtained an order stripping BMO's second mortgage.  Home Bank has objected to the avoidance of its third mortgage on the basis that the value of the Residence exceeds the amount of both the first and second mortgages, and therefore there is equity to support its third mortgage.  Hearing on the Debtors' Motion to Avoid Home Bank's junior mortgage and Home Bank's objection was held on February 11, 2013 wherein the Debtors were represented by Amy Baker and Home Bank was represented by Rodric D. Bray.  For the reasons stated below, the Court SUSTAINS Home Bank's objection and DENIES the Debtors' Motion.

## *Discussion*

### *Strip Off of Wholly Unsecured Mortgage under §506(d) and §1322(b)(2)*

A chapter 13 plan may "modify" the rights of holders of secured claims under 11 U.S.C. §1322(b)(2), but the plan cannot be confirmed unless it provides that the amount to be distributed to the secured creditor is not less than the "allowed" amount of such claim under 11 U.S.C. §1325(a)(5)(B)(ii). The "allowed" amount of such claim is determined by application of the provisions of 11 U.S.C. §506(a) wherein "a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured" *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 238-39, 109 S.Ct. 1026, 103 L. Ed. 2d, 290 (1989).

Although §506(a) allows bifurcation of claims into their secured and unsecured parts, claims which are secured only by a mortgage in the debtor's principal residence cannot be bifurcated under the "antimodification" provisions of 11 U.S.C. §1322(b)(2).

2

*Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L. Ed.2d 228 (1993). However, *Nobelman* considered only whether a senior mortgage on a debtor's residence could be "stripped down" to the fair market value of the property it secured under 11 U.S.C. §506(a). It did not address whether a wholly unsecured junior mortgage could be "stripped off" completely and rendered entirely unsecured. Since *Nobelman*, a majority of the circuit courts addressing the "strip off" issue have found that the antimodification provisions of §1322(b)(2) do not prevent a "strip off" of a wholly unsecured junior mortgage in a chapter 13 case. See, *In re Pond,* 252 F.3d 122 (2nd Cir. 2001), *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000), *cert. denied*, 531 U.S. 822, 121 S.Ct. 66, 148 L.Ed.2d 31 (2000), *In re Bartee*, 212 F.3d 277 (5th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002), *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000); see also, *First Bank, Inc. v. Van Wie*, 2003 WL 1563959 (S. D. Ind. 2003) at *3.

There appears to be no dispute that Home Bank's third mortgage in the Residence is valid and that Home Bank's claim is secured only by its first and third mortgages in the Residence. Since BOA's second mortgage has been avoided, Home Bank's third mortgage assumes the status of the second mortgage. The only issue is whether the value of the Residence exceeds the amount of Home Bank's claim with respect to it's first mortgage such that there is at least some value to support any part of its claim with respect to its second mortgage.

### *Valuation of the Residence under §506(a)*

Courts determine the value of real property using fair market value principles.

See, *Profitt v. Mendoza*, 2004 WL 3223059 (S. D. Ind.) at *2. The three universally recognized approaches using fair market value principles are (1) the market or sales comparison approach, based on evidence of comparable sales; (2) the cost or land development approach, based on actual costs of construction, reduced for depreciation; and (3) the capitalization of income approach, which capitalizes the net future income that the property is capable of producing. *Id*. See also, *In re Zersen*, 189 B.R. 732, 738-39 (Bankr. W. D. Wis. 1995). Section 506(a) provides that the value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property...". The Debtors here are retaining the Residence and using it as their residence.  It does not produce income in the sense that it generates rental income.  The only logical valuation approach therefore to be used here is the market or sales comparison approach.

The Debtors maintain that the value of the Residence is $191,000, based on the Residence's assessed value.  A property's "assessed value" is not synonymous with its "fair market value".  See, *Town of St. John v. State Board of Tax Commissioners*, 729 N.E. 2d 242, 248-49 (Ind.Tax 2000); See also, Ind Code §6-1.1-31-6(c) (real property assessment is the "true tax value" which does not mean "fair market value").  The amount owed on Home Bank's first mortgage, as noted in the hearing on this matter, is $219,082.31 (the "First Mortgage Balance").  The Residence must have a fair market value less than the First Mortgage Balance if Home Bank's junior mortgage is to be avoided.

The Court finds that the Debtors' valuation of the Residence is not reliable in that it does not truly reflect the "fair market value" of the Residence.  Home Bank submitted

an appraisal of the Residence based on the comparable sales, or market approach. That appraisal determined that the fair market value of the Residence was $250,000.

Based on the only evidence presented using the market approach, the Court finds that the value of the Residence exceeds the First Mortgage Balance. BMO's claim need not be considered in the calculation since its junior mortgage has been avoided and its claim is to be treated as a unsecured claim. Accordingly, Home Bank's objection is SUSTAINED and the Debtors' motion to avoid Home Bank's junior mortgage is DENIED.

### 

Distribution:

Amy Baker, Attorney for the Debtors
Rodric D. Bray, Attorney for Home Bank SB
Case Trustee